# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 947 | **DATE** | 3/31/2003 |
| **CASE TITLE** | Thomas Scott Dean vs. Liberty Funding Services, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Liberty's answer and Ads are stricken in their entirety. Leave is of course granted to Liberty's counsel to file a self-contained amended answer(including any permissible Ads) in this Court's chambers (with a copy being transmitted to Dean's counsel) on or before April 15, 2003, failing which the allegations of Dean's Complaint corresponding to the stricken paragraphs of the Answer will be deemed admitted and all Ads will remain stricken. Finally, Liberty's counsel cannot reasonably expect their client to pay for their errors. They are ordered to make no charge for their time spent or the out-of-pocket expenditures incurred in connection with the replacement pleading, to advise the client of that fact by letter and to send a copy of that letter to this Court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | 5 number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 01 2003 date docketed | |
| | Notified counsel by telephone. | | 10 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 3/31/2003 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| JD | courtroom deputy's initials | 03 MAR 31 PM 4:42 Date/time received in central Clerk's Office | JD mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS SCOTT DEAN,  )
                    )
        Plaintiff,  )
                    )
   v.               )  No. 03 C 0947
                    )
LIBERTY FUNDING SERVICES,  )
INC., and WELLS FARGO HOME )
MORTGAGE, INC.,            )
                    )
        Defendants. )

**DOCKETED**
APR 0 1 2003

MEMORANDUM ORDER

Liberty Funding Services, Inc., ("Liberty") has filed its Answer and Affirmative Defenses ("ADs") to the Truth in Lending Act and consumer fraud action brought against it and Wells Fargo Home Mortgage, Inc. by Thomas Dean ("Dean"). This memorandum order is issued sua sponte to require the correction of some obvious flaws in that responsive pleading.

It appears that Liberty's counsel are numbered among the distressingly substantial cadre of lawyers who either do not read or who, having read, choose to ignore certain directives set out in the Federal Rules of Civil Procedure ("Rules"). Thus Answer ¶¶2, 3, 5, 7 and 10 fail to conform to the representations that are expressly required of any pleader who seeks the benefit of a deemed denial under the second sentence of Rule 8(b)-- see App. ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). All of those paragraphs are stricken.



In addition, all four of Liberty's ADs are flawed. Here are their patent defects:

1. AD1, advanced as the equivalent of a Rule 12(b)(6) motion, is simply wrong. Apart from its misuse of the term "cause of action" in place of the proper federal term "claim," it is clear that if Dean's allegations are accepted as true (as they must be for this purpose) he is entitled to stay in court.

2. All of ADs 2, 3 and 4 violate the concept embodied in Rule 8(c) and its interpretative case law, for Liberty's assertions are at war with the allegations of the Complaint (see particularly Complaint ¶29, which alleges that "Liberty's conduct was dishonest and malicious"). In that respect, see App. ¶5 to State Farm.

To avoid a patchwork of pleading, Liberty's Answer and ADs are stricken in their entirety. Leave is of course granted to Liberty's counsel to file a self-contained Amended Answer (including any permissible ADs) in this Court's chambers (with a copy being transmitted to Dean's counsel) on or before April 15, 2003, failing which the allegations of Dean's Complaint corresponding to the stricken paragraphs of the Answer will be deemed admitted and all ADs will remain stricken.

Finally, Liberty's counsel cannot reasonably expect their client to pay for their errors. They are ordered (1) to make no

charge for their time spent or the out-of-pocket expenditures incurred in connection with the replacement pleading, (2) to advise the client of that fact by letter and (3) to send a copy of that letter to this Court (purely for information, not for filing).

Milton I. Shadur
Senior United States District Judge

Date:   March 31, 2003